IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

GREGORY BEN,                              )
TDCJ No. 1252150,                         )
        Petitioner,               )
                                         )
v.                                        )          Civil No. 7:09-CV-046-O
                                         )
BUREAU OF PRISONS,                        )
        Respondent.               )

MEMORANDUM OPINION AND ORDER

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2241 by an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. The Petitioner, Gregory Ben, does not challenge the validity of his state conviction, sentence or confinement. Rather, he challenges the execution of his 120-month federal sentence which resulted from his conviction for the offense of felon in possession of a firearm. *U.S.A. v. Ben*, 1:04-CR-036 (W.D. Tex.). In support of his petition, Ben presents the following grounds for relief:

1. the state court has been allowed to modify the execution of his federal sentence by convicting him of a state offense and incarcerating him which halted the running of his federal sentence;

2. the time spent in state custody must be credited against his federal sentence because federal authorities relinquished custody and placed a detainer on him, the federal court has original jurisdiction and the state has agreed to run its sentence concurrently with the federal sentence, and;

3. he is being denied the right to exhaust his administrative remedies with regard to the federal time credit issue.

*Amended Petition ¶¶ 12.A-C.* On April 28, 2010, interrogatories were issued to Petitioner, his answers to which were filed on June 17, 2010.

Ordinarily, a federal prisoner must exhaust administrative grievance procedures before bringing a § 2241 habeas petition in federal court. *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) and *Lundy v. Osborn*, 555 F.2d 534, 534-35 (5th Cir. 1977)). As a prerequisite to judicial consideration of a petition for habeas corpus relief, exhaustion of administrative remedies assists the Court by developing a factual record, allowing the application of correctional expertise to the prisoner's claims, and hopefully resolving the issues without the Court's intervention. *McKart v. United States*, 395 U.S. 185, 193-195 (1969); *Williams v. O'Brien*, 792 F.2d 986 (10th Cir. 1986); *see also* 18 U.S.C. § 4001(b)(1) (delegating control and management of federal prisons to the United States Attorney General).

A three-step system of administrative procedures has been established by the Bureau of Prisons whereby a federal prisoner may seek review of a complaint which relates to any aspect of his imprisonment. *Anderson v. Miller*, 772 F.2d 375, 377 (7th Cir. 1985) (citing 28 C.F.R. § 542.10). These procedures are set forth in 28 C.F.R. §§ 542.11-542.16. An inmate must first file a complaint with the warden of his institution on the appropriate form[1] within twenty (20) calendar days of the date on which the basis of the complaint arose. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the warden's response, he may then file an appeal with the Regional Director on the appropriate form[2] within twenty (20) calendar days of the date of the warden's response. 28 C.F.R. § 542.15(a). If the Regional Director's response is not satisfactory, the prisoner may appeal

---

[1] The appropriate form for a prisoner's initial complaint, which is filed with the warden of the confining institution, is form BP-9. *Bauer v. Henman*, 731 F. Supp. 903, 905 (S.D. Ill. 1990).

[2] The appropriate form for an intermediate appeal to the Regional Director is form BP-10. *Bauer v. Henman*, *supra*.

to the General Counsel by filing the appropriate form[3] within thirty (30) calendar days of the date of the Regional Director's response.  *Id.*

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies are either unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action."  *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)).   It is Petitioner's burden to demonstrate the futility of administrative review in order to overcome the prerequisite of exhaustion of administrative remedies.  *Fuller*, 11 F.3d at 62.   The exhaustion requirement does not mandate a ruling from the Regional Director or the General Counsel prior to seeking federal habeas relief.  *See id.*   However, each entity must have been given the opportunity to review the prisoner's complaints.  *Id.*

In the case at bar, Petitioner has not exhausted his administrative remedies.  *See Petitioner's Answers to the Court's Questions No. 1-3.*   However, he argues that administrative review by federal authorities is unavailable to him because they have failed to respond to his repeated requests for the forms necessary to exhaust his administrative remedies.  *Id.*   Even assuming, *arguendo*, that administrative remedies are unavailable to Petitioner, he cannot prevail in this action.  Petitioner has not received any notices from the Federal Bureau of Prisons regarding the time credited to his federal sentence.  *Id. at No. 4.*   Ben is not currently incarcerated in a federal facility.  The Bureau of Prisons begins computing time credited to a federal sentence when a defendant is received into federal custody.  *See* 18 U.S.C. § 3585(a); *United States v. Wilson*, 503 U.S. 329, 334-35 (1992).

---

[3] The appropriate form for a prisoner's final administrative appeal to the General Counsel is form BP-11.  *Bauer v. Henman*, *supra*.

Therefore, the instant petition is premature. *See Crumedy v. United States*, 180 F.3d 261, 1999 WL 274481 (5th Cir. 1999) (affirming dismissal of § 2241 petition as premature where state prisoner challenged computation of federal sentence while still in state custody). Moreover, the instant petition is a duplicate of Ben's previous § 2241 petition which was dismissed as premature. *See Ben v. Mukasey*, No. 7:08-CV-163-O (N.D. Tex. 2008).

For the foregoing reasons, the petition is DISMISSED without prejudice to Petitioner's right to re-file after being taken into federal custody and after exhausting administrative remedies.[4]

A copy of this order shall be transmitted to Petitioner.

SO ORDERED this 18th day of June, 2010.


_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court notes that the Bureau of Prisons, not the District Court, determines the amount of time to be credited on a federal sentence. 18 U.S.C. § 3585; *Wilson*, 503 U.S. at 333-37; *see Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003).